UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RONALD DECLUETTE and ANNIE DECLUETTE, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 3:12-CV-4449-B |
| STATE FARM LLOYDS and RUBEN GALLEGOS, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Remand (doc. 4), filed on November 19, 2012. Because there is improper joinder of the in-state Defendant Ruben Gallegos, the Court concludes that the Motion should be **DENIED**.

### I.

### BACKGROUND

According to Plaintiffs Ronald and Annie DeCluette ("Plaintiffs"), Plaintiffs purchased a homeowner's insurance policy from Defendant State Farm Lloyds ("State Farm") to protect their residence in the event of damage. Doc. 1-3, Original Pet. at 3. On April 3, 2012, storms struck Dallas County and damaged Plaintiffs' residential property. *Id*. Plaintiffs filed a claim with State Farm against the insurance policy for various damages to the residential property resulting from the storm. *Id*. Ruben Gallegos ("Gallegos") was an employee of State Farm, serving as an insurance adjuster for Plaintiffs' claim. *Id.* Gallegos allegedly failed to thoroughly investigate and properly adjust Plaintiffs'

property damage claims. *Id*. As a result of Gallegos' allegedly improper adjustment of the claim, State Farm denied a portion of Plaintiffs' insurance claim. *Id.*

Consequently, Plaintiffs filed an Original Petition against both Defendants on August 13, 2012 in the County Court at Law No. 4 in Dallas County, Texas. *Id*. at 1. The Original Petition asserts five causes of action against State Farm and one cause of action against Gallegos. *Id*. at 6-14. Plaintiffs seek actual damages, consequential damages, punitive damages, additional damages authorized by the Texas Insurance Code and Deceptive Trade Practices Act, prejudgment interest, and attorney's fees. *Id*. at 14-15. State Farm removed the case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Doc. 1, Notice of Removal. Plaintiffs filed their Motion to Remand (doc. 4) on November 19, 2012. State Farm filed a response to the motion but no reply was filed within the timeline for filing the reply. Docs. 4 and 5. The Motion is now ripe for review.

The parties agree that Plaintiffs and Gallegos are citizens of Texas, and State Farm is a citizen of Illinois, Florida, and Pennsylvania.

## II.

## LEGAL STANDARD

A defendant may remove a state court action to federal district court if the district court has original jurisdiction over the case and Congress has not expressly prohibited removal. 28 U.S.C. § 1441(a). "[T]he burden of establishing federal jurisdiction is placed upon the party seeking removal." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988). Because of significant federalism concerns, removal jurisdiction is strictly construed. *Id.* When determining if a federal district court has jurisdiction to hear a case on removal, "any doubt as to the propriety of removal should be

resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotation marks omitted).

Notably, federal diversity jurisdiction cannot be defeated by an improperly joined, non-diverse defendant.[1] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). The party seeking removal bears the burden of proving that the joinder of the non-diverse party was improper. *Smallwood*, 385 F.3d at 574. "[A]ll contested factual issues and ambiguities of state law [are resolved] in favor of the plaintiff." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

## III.

## ANALYSIS

Federal courts maintain original jurisdiction over those actions in which there is diversity of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). Accordingly, a defendant that removes a case based on diversity "must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood*, 385 F.3d at 572.

Diversity jurisdiction requires a complete diversity of citizenship between Plaintiffs and Defendants. 28 U.S.C. § 1332. Plaintiffs and Gallegos are all citizens of Texas. Diversity jurisdiction is defeated and the action should be remanded to state court unless State Farm can prove that Plaintiffs improperly joined Gallegos to defeat diversity. *See McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 333 (5th Cir. 2004) (noting diversity jurisdiction "cannot be destroyed by a plaintiff fraudulently joining a non-diverse defendant").

---

[1]The Fifth Circuit adopts the term "improper joinder" as "being more consistent with the statutory language than the term 'fraudulent joinder,' which has been used in the past." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004) (en banc).

Improper joinder may be proved in two ways: (1) by demonstrating actual fraud in the pleading of jurisdictional facts; or (2) by showing the inability of the plaintiff to establish a cause of action against the improperly joined party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). In the present case, only the latter is alleged. "If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no [improper] joinder." *Id.* at 648 (internal quotation marks and alteration omitted). While the burden of showing improper joinder is heavy, a reasonable basis requires more than "liability by the mere hypothetical possibility that such an action could exist." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

To demonstrate improper joinder for failure to establish a cause of action, a showing that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant," is required. *Smallwood*, 385 F.3d at 573. The district court may "'pierce the pleadings' to consider summary judgment-type evidence in the record . . . . [However,] the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard" for improper joinder. *McKee*, 358 F.3d at 334 (citing *Travis*, 326 F.3d at 649).

The facts in the present case fit the pattern of *Griggs* and *Dougherty v. State Farm Lloyds,* No. 4:01CV0611A, 2001 WL 1041817 (N.D. Tex. Aug. 30, 2001). Plaintiffs' characterization of the pleading requirements inappropriately diminishes their burden. *See Griggs*, 181 F.3d at 699. In *Griggs*, the Fifth Circuit denied a plaintiff's motion to remand because the plaintiff failed to state any specific actionable conduct against the defendant insurance agent, which did not meet even the most

liberalized requirements of notice pleadings. *Id.* "Mentioning defendants and then failing to state specific actionable conduct against them does not suffice to state a claim against them." *Bailey v. State Farm Lloyds*, No. CIV.A. H-00-3638, 2001 WL 34106907, at *6 (S.D. Tex. Apr. 12, 2001) (concluding that the defendant insurance adjusters were improperly joined because the plaintiff failed to state a claim by neglecting to allege any specific facts that the defendants made misrepresentations or acted in bad faith as required under the Texas Insurance Code); *see also Dougherty*, 2001 WL 1041817, at *2 (extending *Griggs* to deny the plaintiff's motion to remand when the plaintiff did not specifically state wrongful acts taken by the non-diverse defendant insurance adjuster in a misrepresentation claim). Pleadings should "at least provide sufficient factual information [so] that the defendant is able to prepare a defense." *Griggs*, 181 F.3d at 699.

State Farm argues improper joinder because Plaintiffs fail to state a claim against Gallegos by neglecting to state any specific facts to support their allegations against Gallegos. Doc. 1, Notice ¶ 12; Doc. 5, Resp. ¶¶ 8-15. Plaintiffs' Original Petition asserts causes of action against Gallegos for unfair and deceptive acts actionable under Section 541.060(a) of the Texas Insurance Code. Doc. 1-3, Original Pet. at 12. Plaintiffs maintain that a valid state law cause of action has been properly alleged under the Texas Insurance Code, supported by sufficient facts. Doc. 4, Mot. at 4, 6-11. The issue is thus whether State Farm can prove that there is no reasonable basis to predict recovery by Plaintiffs against Gallegos on this claim.

Plaintiffs do not highlight any specific facts relating to Gallegos in support of unfair and deceptive acts actionable under Section 541.060(a) of the Texas Insurance Code. They repeatedly refer to the allegedly wrongful conduct as taken jointly by "Defendants" or "Defendant State Farm and Gallegos," without specifying the conduct taken by each separately. Doc. 1-3, Original Pet. at

4-6; doc. 4, Mot. to Remand ¶¶ 6-9. Further, their allegations are merely conclusory and simply recite the elements of the causes of action. Doc. 1-3, Original Pet. at 12-14; *see* doc. 4, Mot. ¶¶ 41-45; *cf. McNeel v. Kemper Cas. Ins. Co.*, No. 3:04-CV-0734, 2004 WL 1635757, at *3 (N.D. Tex. July 21, 2004) (denying motion to remand based on diversity because the plaintiffs presented specific facts, through third party documents, showing the defendant insurance agent may have had no reasonable basis for denying the insurance claim); *cf. Yeldell v. Geovera Specialty Ins. Co.*, No. 3:12-CV-1908-M, 2012 WL 5451822, at *4 (N.D. Tex Nov. 8, 2012) (granting motion to remand brought by plaintiff who alleged that the properly served insurance agent mishandled the claim "in several specific ways . . . [which] would create a reasonable possibility that [p]laintiff could prevail in her claims"). "The mere hypothetical possibility that another cause of action might exist against [the claim investigator] is insufficient to defeat the claim of [improper] joinder." *Dougherty*, 2001 WL 1041817, at *2. State Farm has shown that there is no reasonable basis to predict recovery by Plaintiffs against Gallegos on this claim.

Indeed, Plaintiffs did not make any attempts to serve Gallegos throughout these proceedings nor did they respond to State Farm's assertions about lack of service. *See Griggs*, 181 F.3d at 699 (denying remand in part because the insurance agent was never served); *see also Dougherty*, 2001 WL 1041817, at *2 (extending *Griggs* to deny the plaintiff's motion to remand on diversity grounds when the plaintiff did not make any attempts to serve the defendant insurance adjuster after referring to the adjuster in the pleadings); *cf. Warren v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-CV-0768-D, 2008 WL 4133377, at *5 (N.D. Tex. Aug. 29, 2008) (distinguishing *Griggs* in part because "[t]here is no evidence in the record that [the plaintiff] did not serve [the insurance adjuster] with the petition, an omission that would tend to establish improper joinder"). The lack of service gives an

inference that Plaintiffs do not intend to pursue their claims against Gallegos. *See Dougherty*, 2001 WL 1041817, at *2.

Finally, Plaintiffs have not attributed any facts to support their claim that they were damaged by Gallegos' actions specifically. Doc. 1-3, Original Pet. at 14-15. Instead, their damage claims arise out of State Farm's failure to pay Plaintiffs' claim, which is insufficient to establish a claim for damages against Gallegos. *See Dougherty*, 2001 WL 1041817, at *2 n.1. The facts in this case align closely with the facts in *Dougherty*, in which the court denied a motion to remand because the plaintiff failed to point to specific acts of the defendant insurance adjuster relevant to damages, and presented facts that only supported damages caused by the defendant insurance company's breach of contract, i.e., the failure to pay the plaintiff's insurance claim. *Id.* Because the insurance adjuster was also never served, the court determined that the plaintiff did not make an adequate attempt to show that he had a legitimate cause of action against the adjuster and found that the defendant adjuster was improperly joined to defeat diversity. *Id.* Like the plaintiff in *Dougherty*, Plaintiffs' claim for damages arises out of State Farm's denial of the insurance claim. Therefore, Plaintiffs' claim for damages against Gallegos is not valid.

Accordingly, the Court determines that Plaintiffs have improperly joined Gallegos because of lack of proper service and failure to allege facts to support a cause of action against Gallegos, specifically and individually.

### IV.

### CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiffs' Motion to Remand.

SO ORDERED.

SIGNED: February 19, 2013.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE